THOMAS H. PALMER, Plaintiff and Respondent, v. RUSSELL R. BRACY, Defendant and Appellant.

No. 13959.
Submitted Oct. 5, 1977.
Decided July 19, 1978.
Rehearing Denied Aug. 16, 1978.
582 P.2d 324.

Alexander Blewett III argued, Great Falls, Gale Gustafson, Conrad, for appellant.

John C. Hoyt argued, Great Falls, for respondent.

MR. JUSTICE HARRISON delivered the opinion of the Court.

This is a special proceeding involving the effect of a bankruptcy on a default judgment and a motion to dissolve a stay order.

On September 7, 1976, plaintiff brought an action in the District Court, Cascade County, to recover damages for personal injuries suffered in an automobile accident, due to the alleged negligence of defendant. At the time of the accident, defendant was insured by Guaranty National Insurance Company.

On September 22, 1976, defendant filed a petition in bankruptcy, naming plaintiff as a creditor, thus effecting a stay of the state court action under Rule 401(a), Fed.R.Bankr.P. Notwithstanding the stay, on December 13, 1976, plaintiff secured a default judgment against defendant in state court.

On January 7, 1977, defendant's discharge in bankruptcy was entered, having the effect of releasing defendant from liability in tort to plaintiff. In February 1977, defendant made an application to the state court to set aside the default judgment on the grounds that the judgment had been entered in violation of the stay occasioned by the filing of the petition in bankruptcy, and that the amended complaint upon which judgment was entered had not been served upon defendant. Defendant also moved to dismiss the complaint for failure to state a claim. On July 21, 1977, the state district court entered an order denying defendant's motion to set aside the default judgment.

Defendant then went to bankruptcy court and, following a hearing, obtained an order from said court, dated August 18, 1977 providing:

"That [plaintiff], his agents and attorneys, are hereby enjoined from taking further action in Cause #81788-B, District Court, Eighth Judicial District, Cascade County, State of Montana, and said judgment purportedly entered in that case is hereby declared to be null and void against this bankrupt."

Plaintiff thereupon appealed the order of the bankruptcy judge, Honorable Orville Gray, to the United States District Court, Great Falls Division. That Court, Honorable Russell E. Smith presiding, entered an order dated April 24, 1978, in essence affirming the

decision of the bankruptcy court, and indicating that the decision would not affect any action plaintiff might have against defendant's carrier, Guaranty National.

On August 19, 1977, within 30 days of the order of the state district court denying his motion to set aside the default judgment, defendant appealed the order to this Court. In order to prevent a waiver of his rights on appeal and litigation of a moot issue, defendant applied to this Court for an order staying proceedings in this appeal.

This Court, on September 8, 1977, entered an order temporarily staying proceedings on appeal pending oral argument. Following a hearing before this Court on October 5, 1977, this Court, on October 7, 1977, entered an order continuing the initial stay order.

On May 9, 1978, plaintiff filed a motion with this Court that the stay order be rescinded, that defendant's carrier be required to comply with the rules of appellate civil procedure, and that if the carrier should desire to further appeal the order of July 21, 1977, denying defendant's motion to set aside the default judgment, it be required to post an undertaking on appeal and a supersedeas bond.

Defendant, responding to the motion, contends that the order of Judge Smith affirming the bankruptcy court, has the effect of setting aside the default judgment, thus allowing defendant to defend against plaintiff's claim on the merits. Not wishing to jeopardize his right to appeal from that portion of the order of July 21, 1977 rejecting his assertions of failure to state a claim and failure to serve the amended complaint, defendant contends he will proceed on this appeal only when so ordered by this Court and, thereupon, file the appropriate undertaking for costs on appeal as prescribed by Rule 6, M.R.App.Civ.P. Defendant resists filing a supersedeas bond on the grounds of his discharge in bankruptcy and the order of Judge Smith interpreting the effect thereof.

The stay order of this Court is ordered dissolved and the cause is remanded to the District Court with directions to dismiss the default judgment against the defendant as determined by Judge Smith.

436

MR. CHIEF JUSTICE HASWELL and JUSTICES SHEA and SHEEHY concur.